# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

TONY D. CUNNINGHAM,

    Plaintiff,

v.                                              Case No. 19-CV-1741

WISCONSIN DEPARTMENT OF
CORRECTIONS, *et al.*,

    Defendants.

## SCREENING ORDER

Plaintiff Tony D. Cunningham, an inmate confined at the Prairie du Chien Correctional Institution ("PDCI"), filed a *pro se* complaint under 42 U.S.C. § 1983 alleging that the defendants violated his civil rights. This order resolves Cunningham's motion for leave to proceed without prepaying the filing fee and screens his complaint.

The court has jurisdiction to resolve Cunningham's motion to proceed without prepaying the filing fee and to screen the complaint in light of Cunningham's consent to the full jurisdiction of a magistrate judge and the Wisconsin Department of Justice's limited consent to the exercise of magistrate judge jurisdiction as set forth in the Memorandum of Understanding between the Wisconsin Department of Justice and this court.

1. **Motion for Leave to Proceed without Prepaying the Filing Fee**

The Prison Litigation Reform Act (PLRA) applies to this case because Cunningham was a prisoner when he filed his complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows the court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He must then pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.*

On December 10, 2010, the court ordered Cunningham to pay an initial partial filing fee of $9.05. (ECF No. 6.) Cunningham paid that fee on December 30, 2019. The court will grant Cunningham's motion for leave to proceed without prepaying the filing fee. He must pay the remainder of the filing fee over time in the manner explained at the end of this order.

2. **Screening the Complaint**

   *2.1 Federal Screening Standard*

Under the PLRA, the court must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes *pro se* complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

*2.2 Cunningham's Allegations*

Cunningham alleges that in April 2019, while he was incarcerated at Dodge Correctional Institution, he was taken to the hospital for chest pains. (ECF No. 1 at 2.) He underwent tests that "showed everything was normal at that time" and was sent back to the prison. (*Id.*) After more hospital visits, medical staff at Dodge Correctional Institution arranged an appointment for Cunningham to see a cardiologist. (*Id.*) Before he had that appointment, however, Cunningham was transferred to PDCI. (*Id.*) The health services department at PDCI told Cunningham that "the doctor here at PDCI cancelled the appointment [Cunningham] had" with the cardiologist. (*Id.*)

Cunningham alleges that his condition has worsened while at PDCI. (ECF No. 1 at 2.) He allegedly has been sent to the hospital twenty-one times and suffers from blood clots in his lungs and heart. (*Id.* at 2–3.) He has yet to see a cardiologist. (*Id.*)

Cunningham seeks monetary damages for the allegedly inadequate treatment. (ECF No. 1 at 4.) He also requests that he "be given the medical treatment I deserve," which he asserts includes "24 hour health service." (*Id.*)

*2.3 Analysis*

Cunningham names as defendants the Wisconsin Department of Corrections and PDCI. Claims against the Wisconsin Department of Corrections are "no different from a suit against the State itself," so the court construes these claims as having been brought against the State of Wisconsin. *See Will v. Mich. Dep't of State*

*Police*, 491 U.S. 58, 71 (1989) (citing *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985); *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690, n. 55 (1978)). But neither a state nor a prison is a "person" that may be sued under 42 U.S.C. § 1983. *Lapides v. Bd. of Regents of the Univ. Sys. of Ga.*, 535 U.S. 613, 617 (2002); *Witte v. Wis. Dep't of Corr.*, 434 F.3d 1031, 1036 (7th Cir. 2006). Cunningham, therefore, fails to state a valid claim against either the Wisconsin Department of Corrections or PDCI.

Cunningham's allegations amount to a claim under the Eighth Amendment. To state a valid Eighth Amendment claim, Cunningham must allege both that he "suffered from an objectively serious medical condition" and that the defendants were "deliberately indifferent to that condition." *Petties v. Carter*, 836 F.3d 722, 728 (7th Cir. 2016) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). "[D]eliberate indifference describes a state of mind more blameworthy than negligence." *Farmer*, 511 U.S. at 835. A prison official cannot be found liable under the Eighth Amendment unless he subjectively knows of an excessive risk of harm to an inmate's health or safety and disregards that risk. *Id.* at 837; *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015). "[A]n official's failure to alleviate a significant risk that he should have perceived but did not" does not amount to cruel and unusual punishment. *Farmer*, 511 U.S. at 838.

Cunningham's allegations about his heart condition satisfy the objective component of an Eighth Amendment claim—that is, that he suffers from an objectively serious medical condition. But he does not satisfy the subjective

5

component—that is, that anyone at PDCI was deliberately indifferent to his condition. Cunningham alleges that "health services" at PDCI failed to treat his heart condition and that "the doctor here at PDCI" cancelled his appointment with the cardiologist. These vague allegations do not suffice to state a claim against any person. *See Gray v. Weber*, 244 F. App'x 753, 754 (8th Cir. 2007) (affirming dismissal of inmate's § 1983 complaint alleging denial of medical care against defendants identified only collectively as "medical staff"). It is possible that, with more information, Cunningham could state a viable Eighth Amendment claim against individuals at PDCI for inadequately treating his heart condition and cancelling his cardiologist appointment. The court will therefore give Cunningham an opportunity to amend his complaint.

When writing his amended complaint, Cunningham should provide the court with enough facts to answer the following questions: 1) Who violated his constitutional rights?; 2) What did each person do to violate his rights?; 3) Where did each person violate his rights?; and 4) When did each person violate his rights? Cunningham's amended complaint does not need to be long or contain legal language or citations to statutes or cases, but it does need to attempt to identify each individual defendant and to provide the court and each defendant notice of what each defendant allegedly did or did not do to violate his rights.

The court is enclosing a copy of its complaint form and instructions. Cunningham must list all of the individual defendants in the caption of his amended complaint. He should use the spaces on pages two and three to allege the

key facts that give rise to the claims he wishes to bring, and to describe which defendants he believes committed the violations that relate to each claim. If the space is not enough, Cunningham may use up to five additional sheets of paper. The amended complaint takes the place of the prior complaint and must be complete, without reference to his prior complaint.

3. Conclusion

**THEREFORE, IT IS ORDERED** that Cunningham's motion for leave to proceed without prepaying the filing fee (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that the complaint fails to state a claim.

**IT IS FURTHER ORDERED** that Cunningham may file an amended complaint that complies with the instructions in this order on or before **April 10, 2020**. If Cunningham files an amended complaint by the deadline, the court will screen the amended complaint under 28 U.S.C. § 1915A. If Cunningham does not file an amended complaint by the deadline, the court will dismiss this case based on his failure to state a claim in his original complaint and will issue him a "strike" under 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that the Clerk's Office mail Cunningham a blank prisoner complaint form and a copy of the guide entitled "Answers to Prisoner Litigants' Common Questions," along with this order.

**IT IS FURTHER ORDERED** that the agency having custody of Cunningham shall collect from his institution trust account the $340.95 balance of the filing fee by collecting monthly payments from Cunningham's prison trust

account in an amount equal to 20% of the preceding month's income credited to Cunningham's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this case. If Cunningham is transferred to another county, state, or federal institution, the transferring institution shall forward a copy of this order along with his remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Cunningham is confined.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the matter.

---

[1] The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

Cunningham is further advised that failure to make a timely submission may result in the dismissal of this case for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin this 20th day of March, 2020.

WILLIAM E. DUFFIN
U.S. Magistrate Judge