# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

TONY D. CUNNINGHAM,

      Plaintiff,

v.                                      Case No. 19-CV-1741

WISCONSIN DEPARTMENT OF
CORRECTIONS, *et al.*,

      Defendants.

## SCREENING ORDER

On March 20, 2020, the court screened the complaint of Plaintiff Tony D. Cunningham, a *pro se* inmate at Prairie du Chien Correctional Institution ("PDCI"), and granted him leave to file an amended complaint by April 10, 2020. (ECF No. 7.) After several extensions of time, Cunningham submitted an amended complaint (ECF No. 17), which the court screened and again dismissed because it violated Fed. R. Civ. P. 18 & 20. (ECF No. 18.) The court explained that Cunningham had improperly attempted to proceed on two unrelated claims against different defendants: 1) a claim against staff at the Milwaukee County Jail ("Jail") and Milwaukee House of Corrections ("HOC") for their failure to properly medicate and treat him between February and April 2019; and 2) a claim against staff at PDCI for cancelling his cardiologist appointment in July 2019. (*Id.* at 7.) The court ordered Cunningham to inform the court within thirty days on which of his unrelated claims he wished to proceed. (*Id.*)

Cunningham now has submitted a filing consisting of two separate complaints. (ECF No. 19.) He states that, in this case, he wishes to proceed on claim 1 against Jail and HOC staff. (*Id.*) He resubmitted his amended complaint, which has been edited to remove the defendants and allegations associated with claim 2 against PDCI staff but is otherwise unchanged. (ECF No. 19-1.) Cunningham also submitted a new complaint, which contains only the claim against PDCI staff who cancelled his cardiologist appointment. (ECF No. 19-2.) Cunningham asks that the court file that new complaint as a new matter. (ECF No. 19.) He states that he "understands that a new filing fee must be paid for the new claim and that he may be required to re-qualify as a poor person." (*Id.*)

The court will allow Cunningham to proceed in this case on his second amended complaint (ECF No. 19-1). The court will sever the new complaint (ECF No. 19-2) and direct the Clerk's office to open a new civil action for Cunningham and docket in the new action a copy of the complaint and this order. Cunningham will be required to submit the full $400 filing fee or file a motion to proceed without prepaying the filing fee, as he did in this case.

1. **Screening of the Second Amended Complaint**

    *2.1 Federal Screening Standard*

For the sake of brevity, the court notes that the same standards articulated in the previous screening orders apply. (*See* ECF No. 18 at 1–2 (citing 28 U.S.C. § 1915A(a)–(b); Fed. R. Civ. P. 8(a)(2); and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).)

*2.2 Cunningham's Allegations*

The allegations in Cunningham's second amended complaint are identical to those in his amended complaint. As noted in the previous order, he alleges mistreatment of his heart condition—which caused him chest pains, difficulty breathing, and other medical issues—by unknown John and Jane Doe staff at the Jail and HOC. (ECF No. 18 at 3–5.) Cunningham sues the defendants in their individual capacities. (ECF No. 19-1, ¶ 19.) He seeks compensatory damages and declaratory relief stating that the defendants' actions violated his constitutional rights. (*Id.*)

*2.3 Analysis*

As explained in the previous screening order, Cunningham's allegations amount to claims of deliberate indifference to his serious medical needs, which arise under the Eighth Amendment's prohibition of cruel and unusual punishments. *See generally Wilson v. Seiter*, 501 U.S. 294, 297 (1991). To state a cognizable claim under the Eighth Amendment, Cunningham must allege both that he had an objectively serious medical condition and that prison officials were deliberately indifferent to the condition. *See Perez*, 792 F.3d at 776. A prison official shows deliberate indifference when he "realizes that a substantial risk of serious harm to a prisoner exists, but then disregards that risk." *Id.* (citing *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).

Cunningham's allegations about his heart condition and related symptoms necessitating frequent hospital trips satisfy the objective component. He also sufficiently alleges that nursing staff at the Jail and HOC knew about his need for

3

medications to treat his heart condition and symptoms but consistently refused or failed to provide that medication and failed to send his full medical records to Dodge Correctional Institution when he was transferred there in April 2019. I will allow Cunningham to proceed against the John/Jane Doe nursing staff and John/Jane Doe desk staff at the Jail and HOC.

Cunningham notes that he sued Milwaukee County Sheriff Earnell R. Lucas only to help him identify the nursing staff who allegedly mistreated him. (ECF No. 19-1, ¶ 8.) Because Cunningham does not know the names of the defendants he is suing, the court will add Sheriff Lucas as a defendant for the limited purpose of helping Cunningham identify the names of the defendants. *See Donald v. Cook County Sheriff's Dept.*, 95 F.3d 548, 556 (7th Cir. 1996). Sheriff Lucas does not have to respond to the second amended complaint. After Sheriff Lucas's attorney files an appearance in this case, Cunningham may serve discovery upon him (by mailing it to his attorney at the address in his notice of appearance) to get information that will help him identify the names of the defendants.

For example, Cunningham may serve interrogatories (written questions) under Fed. R. Civ. P. 33 or document requests under Fed. R. Civ. P. 34. Because Cunningham does not state a claim against Sheriff Lucas, Cunningham's discovery requests must be limited to information or documents that will help him learn the names of the defendants he is suing. Cunningham may not ask Sheriff Lucas about any other topic, and Sheriff Lucas is under no obligation to respond to requests about any other topic.

After Cunningham learns the names of the people he alleges violated his constitutional rights, he must file a motion to substitute their names for the John and Jane Doe placeholders. The court will dismiss Sheriff Lucas as a defendant once Cunningham identifies the defendants' names. After the defendants have an opportunity to respond to Cunningham's second amended complaint, the court will set a deadline for discovery. At that point, Cunningham may use discovery to get the information he believes he needs to prove his claims.

Cunningham must identify the names of the John Doe defendants within sixty days of Sheriff Lucas's attorney appearing. If he does not or does not explain to the court why he is unable to do so, the court may dismiss his case based on his failure to diligently pursue it. Civil L. R. 41(c).

Cunningham may not proceed against the Jail or HOC because neither is a "person" subject to suit under § 1983. *See Andreola v. Wisconsin,* 211 F. App'x 495, 497 (7th Cir. 2006) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)). The court will dismiss these defendants and the Department of Corrections and PDCI, who Cunningham no longer seeks to sue in this lawsuit.

## 2. Conclusion

**IT IS THEREFORE ORDERED** that Cunningham's claim against the Department of Corrections and PDCI, contained in the new complaint, is **SEVERED**. The Clerk is **DIRECTED** to open a new civil action for Cunningham and to docket in the new action a copy of the complaint (ECF No. 19-2) and this order. Cunningham

will be required to submit the full $400 filing fee or a motion to proceed without prepaying the filing fee.

**IT IS FURTHER ORDERED** that the Department of Corrections, Prairie du Chein Correctional Institution, Milwaukee County Jail, and Milwaukee House of Corrections are **DISMISSED**.

**IT IS FURTHER ORDERED** that Milwaukee County Sheriff Earnell R. Lucas shall be **ADDED** as a defendant for the limited purpose of helping Cunningham identify the John/Jane Doe defendants. The clerk's office will update the docket accordingly.

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between Milwaukee County and this court, copies of the second amended complaint and this order shall be electronically sent today to Milwaukee County for service on Sheriff Lucas.

**IT IS FURTHER ORDERED** that Sheriff Lucas does not have to respond to the second amended complaint; however, he shall respond to discovery requests that Cunningham serves in an effort to identify the defendants' names. Sheriff Lucas does not have to respond to discovery requests about any other topic.

**IT IS FURTHER ORDERED** that Cunningham must identify the defendants' names within forty-five days of Sheriff Lucas's attorney filing an appearance in this case. If Cunningham does not identify the defendants' names by the deadline or advise the court why he is unable to do so, the court may dismiss this case based on his failure to diligently prosecute it.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Cunningham is confined.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the matter.

Cunningham is reminded that his failure to make a timely submission may result in the dismissal of this case for failure to diligently pursue it. In addition, the parties must notify the Clerk of Court of any change of address. Cunningham is

---

[1] The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

reminded that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. Cunningham's failure to keep the court advised of his whereabouts may result in the dismissal of this case without further notice.

Dated at Milwaukee, Wisconsin this 27th day of October, 2020.

WILLIAM E. DUFFIN
U.S. Magistrate Judge